IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Crystal C.,[1] | ) Civil Action No.: 6:23-3821-BHH |
|            Plaintiff, | ) |
| v. | ) **ORDER** |
| Martin J. O'Malley, Commissioner of Social Security Administration, | ) |
|            Defendant. | ) |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Crystal C.'s ("Plaintiff") claims for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, and the Commissioner filed a response to Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits ("DIB") on February 8, 2011, alleging that she became unable to work on February 1, 2011. Plaintiff also filed an application for supplemental security income ("SSI") benefits on July 19, 2012, alleging that she became unable to work on July 1, 2010. Both applications were denied initially and on reconsideration, and Plaintiff requested a hearing on December 12, 2011.

On December 14, 2012, an administrative hearing was held, and Plaintiff, represented by counsel, appeared and testified along with an impartial vocational expert ("VE"). On January 14, 2013, ALJ Walter C. Herin, Jr. considered the case *de novo* and found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 24, 2014.

On April 29, 2014, Plaintiff filed a complaint in this district court, and on September 23, 2015, the case was remanded to the Commissioner. *Coley v. Comm'r Soc. Sec. Admin.*, No. 6:14-cv-1702-JMC, 2015 WL 5602606 (D.S.C. Sept. 23, 2015). On March 17, 2016, the Appeals Council issued an order remanding the matter to the ALJ to issue a new decision and consolidating later-filed applications into the current matter.

On November 17, 2016, a second administrative hearing was held at which Plaintiff, represented by counsel, and an impartial VE appeared and testified. On December 27, 2016, ALJ Herin considered the case *de novo* and again found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 20, 2018.

On June 15, 2018, Plaintiff filed a second complaint in this district court, and on April 18, 2019, the case was remanded to the Commissioner. *Coley v. Comm'r Soc. Sec. Admin.*, No. 6:18-cv-1657-JMC, 2019 WL 1723602 (D.S.C. April 18, 2019). On August 14, 2019, the Appeals Council issued an order remanding the matter for a new ALJ to issue a new decision in accordance with the order.

On March 3, 2020, a third administrative hearing was held at which Plaintiff, represented by counsel, and an impartial VE appeared and testified. On April 14, 2020, ALJ Brian Garves considered the case *de novo* and found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. On October 4, 2022, the Appeals Council granted Plaintiff's request for review and issued an order remanding the matter to the ALJ to issue a new decision in accordance with the order.

On January 31, 2023, a fourth administrative hearing was held at which Plaintiff, represented by counsel, and an impartial VE appeared and testified before ALJ Garves by telephone due to the COVID-19 pandemic. On May 2, 2023, ALJ Garves considered the case *de novo* and issued a partially favorable decision, finding that Plaintiff was disabled for purposes of her SSI application beginning on January 1, 2022, but also finding that Plaintiff was not under a disability as defined by the Social Security Act, as amended, prior to Plaintiff's date last insured of September 30, 2015, for purposes of her DIB application, and prior to January 1, 2022, for purposes of her SSI application. ALJ Garves' decision became the final decision of the Commissioner, following which Plaintiff filed this action for judicial review.

**STANDARDS OF REVIEW**

I.     **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

II.    **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

4

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

5

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2011, the alleged onset date. Next, the ALJ determined that since the alleged onset date of February 1, 2011, Plaintiff has had the following severe impairments: obesity, spine disorder, depressive disorder, fibromyalgia, adjustment disorder with mixed anxiety and depression, carpal tunnel syndrome, and connective tissue disease. The ALJ also found that beginning on the established onset date of disability of January 1, 2022, the claimant had the additional severe impairments of asthma and chronic pulmonary disease. The ALJ found that, since February 1, 2011, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that, prior to January 1, 2022, Plaintiff: can lift and carry 10 pounds occasionally and less than 10 pounds frequently; can sit for 6 hours in an eight-hour shift, can stand for 2 hours, and can walk for 2 hours; can use hand controls frequently bilaterally; can use foot controls frequently

bilaterally; can frequently reach overhead and all other directions bilaterally; can frequently handle and finger objects bilaterally; can occasionally climb ramps or stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can have occasional exposure to extreme cold, extreme heat, moisture, humidity, vibration, and to irritants such as odors, fumes, dust, gases, and poor ventilation; can have occasional exposure to hazards such as unprotected heights and moving machinery; can do no work outside; is limited to simple, routine tasks and is limited to making simple, work-related decisions; is limited to environments with only routine changes in the work settings and duties; can have occasional interaction with supervisors; can have occasional interaction with co-workers and with the general public; and will need to be off-task 5 percent fo the workday in addition to regularly scheduled breaks.  The ALJ found that, since February 1, 2011, Plaintiff has been unable to perform any past relevant work, but that, prior to January 1, 2022, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  The ALJ further found that, beginning on January 1, 2022, considering Plaintiff's age, education, work experience, and RFC, there were no jobs that exist in significant numbers that Plaintiff can perform.  Accordingly, the ALJ found that Plaintiff was not disabled prior to January 1, 2022, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision, and that Plaintiff was not under a disability within the meaning of the Social Security Act at any time through September 30, 2015, the date last insured.  has not been under a disability from September 26, 2012, through the date of the decision.

## II.   This Court's Review

In this action, Plaintiff asserts that ALJ Garves (hereinafter referred to as "the ALJ," as the decision by ALJ Garves is the one currently before the Court) failed to adequately explain his RFC findings.  Specifically, Plaintiff asserts that the ALJ failed to explain how the severe impairment of obesity was considered in assessing the RFC findings and failed to properly explain the RFC given the evidence related to Plaintiff's fatigue.  Plaintiff also asserts that the ALJ failed to properly explain the weight assigned to the opinion evidence, specifically with regard to the opinions of Dr. Brian Cline.  In addition, Plaintiff asserts that the ALJ incorrectly assessed the subjective statements of Plaintiff.

In his Report, the Magistrate Judge thoroughly considered each of Plaintiff's claims and determined that substantial evidence supports the ALJ's RFC findings.  Plaintiff filed objections to the Magistrate Judge's Report, which the Court will consider below.

As an initial matter, the Court agrees with the Commissioner that Plaintiff's objections, for the most part, merely repeat the arguments from her brief, namely, that the ALJ failed to explain the RFC findings related to Plaintiff's obesity and fatigue; that the ALJ did not appropriately evaluate the opinion evidence from Dr. Cline; and that the ALJ did not properly examine Plaintiff's subjective complaints.  Nevertheless, the Court will conduct a *de novo* review of the matters to which Plaintiff objects.

First, with respect to her objection that the Magistrate Judge erred in evaluating the ALJ's findings as to Plaintiff's RFC, Plaintiff again asserts that the ALJ failed to explain how the severe impairment of obesity was considered in assessing Plaintiff's RFC.  Ultimately, however, the Court agrees with the Magistrate Judge that the ALJ's thorough decision reflects meaningful consideration of Plaintiff's obesity.  As the Magistrate Judge explained,

the ALJ specifically noted that he considered Plaintiff's obesity pursuant to S.S.R. 19-2p and further noted that Plaintiff's obesity, in concert with her other impairments, did not meet or medically equal the requirements of a Listing.  The ALJ also noted that Plaintiff has longstanding problems with clinical obesity and the ALJ specifically found recent physical examinations by an orthopedist notable in their relative normality, specifically noting that Plaintiff demonstrated normal gait and station notwithstanding her obesity.  (*See* ECF No. 14-14 at 12, 27, 28.)

Furthermore, after *de novo* review, the Court agrees with the Magistrate Judge that the record evidence does not include any reference to Plaintiff's obesity affecting her functioning.  In all, the Court disagrees with Plaintiff that the ALJ's lack of explanation requires remand, and the Court finds that substantial evidence supports the ALJ's evaluation of Plaintiff's obesity.

Next, Plaintiff objects to the Magistrate Judge's determination that the ALJ properly considered the evidence related to Plaintiff's fatigue in connection with Plaintiff's RFC.  According to Plaintiff, she is not requesting that the Court re-weigh the evidence, as the Magistrate Judge found, but instead, she is asking that the ALJ be required to explain how the evidence was weighed.  Plaintiff also takes issue with the Magistrate Judge's attempt to support the ALJ's statement that Plaintiff made minimal complaints about fatigue by suggesting that only 50 pages out of 900 pages of medical records document fatigue, arguing that this is an inaccurate exercise that should be dismissed.

While the Court agrees with Plaintiff on this last point, as the number of pages referencing a complaint is not necessarily indicative of anything, after *de novo* review of the record, the Court fully agrees with the Magistrate Judge's conclusion that substantial

9

evidence supports the ALJ's determination that Plaintiff did not require more than a 5% off-task limitation to account for her fatigue. Ultimately, although Plaintiff references fifteen treatment visits where she documents fatigue, the ALJ examined these records (as the Magistrate Judge properly explained) and noted that, despite Plaintiff's reports of fatigue, her providers rarely noted problems with attention or concentration secondary to fatigue. The Court finds that Plaintiff is essentially asking the Court to reweigh the evidence in this regard and reach a different conclusion, which is beyond this Court's purview, and the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's finding that the treatment records noting subjective reports of fatigue do not support additional off-task RFC limitations. Thus, the Court finds Plaintiff's objection on this point unavailing.

Plaintiff next objects by repeating her argument that the ALJ provided no explanation as to why he rejected the portion of Dr. Cline's opinion that Plaintiff was not always able to sustain work activity at a competitive level. Plaintiff specifically takes issue with the Magistrate Judge's statement that "contrary to the plaintiff's argument, Dr. Cline's decision to wholesale attach treatment records to the opinion form does not transform the check-box form into one that contains detailed explanations for the opinions provided. (ECF No. 30 at 8-9 (quoting ECF No. 26 at 18).) Plaintiff asserts that the Magistrate Judge does not cite any case law to support that statement, and she contends that she did exactly what the regulations require of her by providing a treating physician's opinion that she would not always be able to sustain work and by providing treatment notes.

After *de novo* review, the Court is not convinced by Plaintiff's objection that the Magistrate Judge erred in her analysis of the ALJ's evaluation of opinion evidence from treating provider Dr. Cline. As the Magistrate Judge noted, the ALJ gave "some" weight

10

to Dr. Cline's 2012 opinion and explained that it was a factor in the decision to limit Plaintiff to sedentary forms of exertion. However, as the Magistrate Judge also properly noted, check-box forms, like the one completed by Dr. Cline, have limited probative value, and the Court agrees with the Magistrate Judge that Dr. Cline's decision to attach treatment records to the form does not automatically transform the check-box form into one that contains detailed explanations for the opinions. Regardless, however, the Court also agrees with the Magistrate Judge that (as noted by the ALJ) Dr. Cline's treatment records prior to the completion of the 2012 opinion form do not support Dr. Cline's opinions with respect to a need to change positions or Plaintiff's inability to sustain work, as they contain no mention of symptom flares, note antalgic gait on only one occasion, and contain few complaints relative to Plaintiff's lower extremities or her ability to sit, stand, or walk. (*See* ECF No. 26 at 19 (citing Tr. at 1093).) In addition, contrary to Plaintiff's objection, the Court notes that the Magistrate Judge did address Plaintiff's argument regarding Dr. Cline's opinion that Plaintiff is unable to sustain work. (*See* ECF No. 26 at 18, 20.) Ultimately, the Court finds that substantial evidence supports the ALJ's determination that Dr. Cline's treatment records were inconsistent with other evidence, and the Court further finds that the ALJ appropriately evaluated and explained the weight given to Dr. Cline's 2012 opinion. As such, Plaintiff's objection is overruled.

Lastly, Plaintiff objects to the Magistrate Judge's evaluation of the ALJ's findings regarding the credibility of Plaintiff's subjective complaints. Essentially, Plaintiff repeats her argument that Plaintiff's severe impairments of fibromyalgia and chronic fatigue would not be evidenced by objective medical evidence, and she urges the Court to take a closer look at the ALJ's assessment of the evidence. In connection with her argument, Plaintiff notes

that the ALJ cited six records, three of which cited persistent symptoms, inadequate control, or "fair" symptom control, and she asserts that the ALJ's conclusion that fibromyalgic pain was not persistently controlled is not supported by the evidence. (ECF No. 30 at 12.)

In addition to arguing that the ALJ improperly cherry picked findings to support his conclusion and omitted evidence that supports Plaintiff's subjective complaints, Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly considered Plaintiff's activities of daily living in determining that Plaintiff's subjective reports were not consistent with the evidence. According to Plaintiff, the ALJ simply provided a laundry list of Plaintiff's daily activities when discounting her allegations of pain but failed to consider the extent to which Plaintiff can perform those activities.

After *de novo* review, the Court again finds Plaintiff's objections unavailing. As the Magistrate Judge correctly noted, the ALJ set forth Plaintiff's subjective complaints in detail in the RFC assessment, and although the ALJ found that Plaintiff's medically determinable impairments could be expected to cause the alleged symptoms, he also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not fully supported prior to January 1, 2022. In so finding, the ALJ analyzed Plaintiff's complaints in light of her treatment history and the record evidence, as required by the applicable regulations. Indeed, the Court finds that the ALJ analyzed the correct factors, and the ALJ did not reject Plaintiff's subjective complaints based simply on a lack of objective evidence. Furthermore, the Court finds that the ALJ appropriately recognized that Plaintiff's reported activities of daily living were internally inconsistent and were inconsistent with reports of being unable to sustain work secondary to fibromyalgia

and chronic fatigue syndrome. In all, the Court finds that the ALJ appropriately weighed Plaintiff's subjective complaints as required by S.S.R. 16-3p, and that substantial evidence supports the ALJ's decision.

## CONCLUSION

For the foregoing reasons, the Court overrules Plaintiff's objections (ECF No. 30); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 26); and the Court affirms the Commissioner's final decision.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 30, 2024
Charleston, South Carolina